IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HURST, BARBARA DIANE HURST, FRANK JOSEPH HOWELL and JESSE CASEY ROSS, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| A. DENNIS CASON, SR., JUANITA CASON, GLYNN COUNTY, GEORGIA, by and through its Commissioners, E. C. TILLMAN, Chairman, BOB BOYNE, Vice-Chairman, and members, BILL DISMER, JACK HARDMAN, KAREN MOORE, HAROLD PATE, and JOE SMITH, and GLYNN COUNTY POLICE DEPT., CARL ALEXANDER, in his official capacity as CHIEF OF POLICE OF GLYNN COUNTY, GEORGIA, and officers, JEFF WENTWORTH, SGT. G. Y. MOORE, JOHN SCOTT, BARRY MOORE, TOMMIE SUE DEEN, MAJ. PHIL JOHNSON, CAPT. RAY STARLING, and THOMAS F. JONES, in his official capacity as Sheriff of Glynn County, Georgia, | : | |
| Defendants. | : | NO. CV292-236 |

## ORDER

On September 17, 1992, Plaintiffs instituted this federal question action against Defendants, alleging violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983").

Plaintiffs contend that they were falsely arrested and imprisoned and, thereby, deprived of their life, liberty or property rights without due process of law, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution. This case is presently before the Court on a motion by Defendants, A. Dennis Cason, Sr., and Juanita Cason ("the Casons"), for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Specifically, the Casons contend that they are private citizens and that Plaintiffs have not shown any agreement between the Casons and any state actors sufficient to sustain a § 1983 action. For the reasons discussed below, Defendants' motion for summary judgment will be **GRANTED**.

## FACTS

This case arises from an ongoing dispute between the Casons and Plaintiffs, James Robert Hurst and Barbara Diane Hurst ("the Hursts"). The Hursts are the owners of a skating rink located near the residence of the Casons in Brunswick, Georgia. Over the years, the Casons have lodged approximately fifty to one-hundred complaints with the Glynn County Police Department as the result of excessive noise emanating from the skating rink. On the night of July 19, 1992, Mr. Cason lodged a complaint. As a result, Defendant, Police Officer Jeff Wentworth ("Wentworth"), issued a citation to Plaintiff, Frank Joseph Howell ("Howell"), an employee of the skating rink, for a violation of the county noise ordinance.

When Wentworth first arrived at the skating rink, the Hursts were temporarily away; however, when they returned, they allegedly became angry due to the issuance of the

2

citation. Shortly after leaving the skating rink, Wentworth was dispatched back to the residence of the Casons. Apparently, the Hursts, along with the skating rink's security guard, Plaintiff, Jesse Casey Ross ("Ross"), had proceeded to the Casons' residence after Wentworth had left the skating rink. When Wentworth arrived at the Casons' house, he found Mr. Cason visibly shaken, whereupon Mr. Cason informed Wentworth that he had been physically attacked by the Hursts and Ross. Wentworth then returned to the skating rink where the Hursts and Ross admitted to having been on the Casons' property. Consequently, the Hursts and Ross were arrested and charged with simple battery, criminal trespass and terroristic threats.

Subsequent to his attack, Mr. Cason and his wife were advised by counsel to seek the issuance of Good Behavior Warrants served on the attackers. Even though the Casons were not certain of the attackers' names, they believed that the Good Behavior Warrants should be issued against the people listed on the police report as arrested the night of the attack. The Glynn County Magistrate Court employee called the Glynn County Police Department to determine the proper individuals to name in the warrants. Although the Police Department correctly gave the names of the Hursts, it gave Howell's name rather than Ross's name in error. Consequently, one of the affidavits signed by Mrs. Cason was against Howell, and on July 27, 1992, after the county magistrate judge issued the warrants pursuant to Mrs. Cason's affidavits, Howell and the Hursts were arrested.

## DISCUSSION

### I.   Standard for Summary Judgment

Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U.S. 144, 153 (1970). Summary judgment is also proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party to a summary judgment motion need make this showing only after the moving party has satisfied its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The court should consider the pleadings, depositions and affidavits in the case before reaching its decision, Fed. R. Civ. P. 56(c), and all reasonable inferences will be made in favor of the non-movant. Adickes, 398 U.S. at 158-59.

### II.   Section 1983 Action

Section 1983 provides a civil action for persons claiming violations of their rights secured by either the Constitution or by federal laws, "broadly encompass[ing] violations of federal as well as constitutional law." Maine v. Thiboutot, 448 U.S. 1, 4 (1980).[1] In the

---

[1] Section 1983, in pertinent part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

(continued...)

4

present action, Plaintiffs premise their § 1983 action on constitutional violations. As such, they must establish that they had a constitutionally protected life, liberty or property interest of which they were deprived under color of state law. Wofford v. Glynn Brunswick Memorial Hosp., 864 F.2d 117, 118 (11th Cir. 1989).

### A. Constitutionally Protected Life, Liberty or Property Interest

Generally, § 1983 claims alleging wrongful arrest are premised upon a violation of an individual's liberty interest. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979). In the present action, Plaintiffs claim that their life, liberty or property rights were violated as the result of a wrongful arrest and incarceration. Plaintiffs fail to address in any manner how Defendants violated their constitutionally protected life or property interests. Nevertheless, this Court finds that Plaintiffs have alleged that their constitutionally protected liberty rights were violated which is sufficient to sustain this § 1983 action for wrongful arrest.

### B. Deprivation Under Color of State Law

The Casons argue that Plaintiffs have failed to demonstrate a sufficient connection between the Casons, who are private individuals, and any public official acting under color of state law. The Supreme Court has recognized that private parties may be held liable under a § 1983 action where the private party is jointly engaged in the denial

---

[1](...continued)
    action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

of rights with public officers. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). In the Eleventh Circuit, the requirements of a § 1983 conspiracy have been set forth as follows:

> The plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy.

NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990) (citations omitted). Conspiracy allegations must provide some factual support for the existence of a conspiracy and, therefore, a conspiracy must be pleaded in some detail. Sparks v. Duval County Ranch Co., 604 F.2d 976, 978 (5th Cir. 1979) (noting "mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss"), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24 (1980); see also Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990) (stating "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.") (citation omitted); S. Nahmod, Civil Rights and Civil Liberties Litigation, the Law of Section 1983, § 2.11 (3d ed. 1991).

In the instant case, Plaintiffs have presented no allegations of any agreement between the Casons and any public officials. The Eleventh Circuit has recognized that a private person's misuse of the criminal justice system solely to resolve a private dispute, resulting in a false arrest and imprisonment, is sufficient to bring a cause of action under § 1983. Motes v. Myers, 810 F.2d 1055, 1060 (11th Cir. 1987) (noting that "a state procedural scheme which allows through its abuse the arrest of a plaintiff over a personal dispute states a cause of action under § 1983"). Nevertheless, in the present action,

Plaintiffs have presented no allegations or any evidence that the Casons misused the criminal justice system. At worst, the evidence indicates that Mrs. Cason signed an affidavit against Howell in error; however, there is no evidence demonstrating that Defendants had any improper motive in making use of the criminal justice system. Accordingly, Plaintiffs have not demonstrated the requisite state action necessary to sustain a § 1983 action and, thus, summary judgment will be granted in favor of the Casons.[2]

## CONCLUSION

For the foregoing reasons, the motion for summary judgment by Defendants, the Casons, is hereby **GRANTED**. The Clerk of Court is directed to enter an appropriate judgment in favor of Defendants, A. Dennis Cason, Sr. and Juanita Cason.

**SO ORDERED**, this 22th day of May, 1993.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] It is unclear from Plaintiffs' complaint whether they seek to bring any state law claims for false arrest. Nevertheless, it is clear that Plaintiffs have failed to present any facts sufficient to sustain such claims. Under Georgia law, an essential element of a claim for false arrest or malicious prosecution is that the defendant acted with malice. O.C.G.A. §§ 51-7-1 & 51-7-40. As discussed above, Plaintiffs have presented no allegations or evidence supporting any contention that the Casons were motivated by malice in their actions and, thus, any state law claims must fail.